In the Matter of the Application of WILLIAM NIEMEYER for an Order Directing the Register of the County of Bronx to Discharge a Mortgage on Real Property.

Supreme Court, Bronx County, January, 1934.

*Joseph T. Hanlon*, for the petitioner.

*Arthur J. W. Hilly*, Corporation Counsel [*Edwin J. Talley, Alfred D. Jahr* and *Julius Flaum* of counsel], for the respondent.

COTILLO, J.  The petitioner has moved for an order of mandamus directing the register of Bronx county to cancel and discharge of record a mortgage recorded in liber 97 of Mortgages, page 321, New York county register's office, upon presentation to said register of a certified copy of order appointing Barent Lefferts as substituted trustee under the last will and testament of Sarah H. Crane, deceased, and the payment of his legal fees.

The petitioner alleges that he is one of the owners in fee simple of a parcel of land in the borough of The Bronx, known as 931 Tinton avenue; that on April 2, 1907, he and his wife executed to Charles V. Faile and William H. Lefferts, as executors of the last will and testament of Sarah H. Crane, deceased, their bond for the payment of $5,250, and secured the bond by a mortgage covering the premises; that the executors died and subsequent to their death an application was made to the Supreme Court for the appointment of a person to execute an unexecuted trust as set forth in the second article of the will of Sarah H. Crane, and an order was made and entered wherein and whereby Barent Lefferts, a grandson of the testatrix, and also a beneficiary under the will, was appointed to execute the unexecuted trust, and the said Barent Lefferts duly qualified as substituted trustee.  On February 16, 1921, a petition praying for the settlement of the deceased trustees' account as trustees was filed in the Surrogate's Court of New York county, and on February 21, 1921, a decree was entered settling the accounts.  The bond and mortgage mentioned above was part of the principal of the trust, and by the said decree it was directed that the trust funds, consisting of cash and three mortgages, including the mortgage on 931 Tinton avenue, be turned over to the said Barent Lefferts; that the said mortgage was turned over to him pursuant to the surrogate's decree; that on the 11th day of September, 1920, the said Barent Lefferts, as substituted trustee, duly assigned the mortgage to one John Conrad Koehler, which assignment was duly recorded in the office of the register of the county of Bronx on September 14, 1920, in liber 509 of Mortgages at page 349; that the assignee, John Conrad Koehler, died leaving a last will and testament which was duly probated in the Surrogate's Court of Rockland county and letters testamentary were issued to Pauline Koehler as executrix.  By a decree of the Surrogate's Court of New York county bearing date September 23, 1931, the intermediate account of Barent Lefferts, as substituted trustee under the last will and testament of Sarah H. Crane, was duly settled, and in Schedule A of said account he charged himself with cash in the sum of $5,250 received by him in payment of the principal sum of that amount secured by

the bond and mortgage covering premises 931 Tinton avenue, Bronx county; that on or about the 11th day of May, 1933, the petitioner herein paid the principal sum of $5,250 and accrued interest on said mortgage to Pauline Koehler, as executrix of the last will and testament of John Conrad Koehler, deceased, and received said bond and mortgage and a duly acknowledged satisfaction thereof; that the satisfaction piece, mortgage, a certified copy of the order appointing Barent Lefferts as substituted trustee, a certified copy of the decree settling the account of Barent Lefferts as said substituted trustee, and a certified copy of letters testamentary appointing Pauline Koehler executrix of the last will and testament of John Conrad Koehler were presented to the register of the county of Bronx for the purpose of having the mortgage discharged of record in his office; that the register refused to discharge the mortgage.

The register refused to discharge the mortgage upon the ground that the alleged satisfaction piece fails to comply with the express provisions of the statutes, and predicates his refusal upon section 321 of the Real Property Law, section 259-b of the County Law, and section 202 of the Surrogate's Court Act. Section 321 of the Real Property Law provides as follows for the discharge of a mortgage: " Recording discharge of mortgage. A mortgage registered or recorded must be discharged upon the record thereof, by the recording officer, when there is presented to him a certificate signed by the mortgagee, his personal representative or assignee, and acknowledged or proved and certified in like manner as to entitle a conveyance to be recorded, specifying that the mortgage has been paid, or otherwise satisfied and discharged. * * * The certificate of discharge, and the certificates of its acknowledgment or proof, must be recorded and filed; and a reference must be made to the book and page containing such record in the minute of the discharge of such mortgage, made by the officer upon the record thereof."

The County Law, section 259-b, also provides for the discharge of a mortgage, and is as follows: " Recording discharge of mortgage. A mortgage registered or recorded must be discharged upon the record thereof, when there is presented to the register a certificate signed by the mortgagee, his personal representative or assignee, and acknowledged or proved and certified in like manner as to entitle a conveyance to be recorded, specifying that the mortgage has been paid or otherwise satisfied and discharged. Such certificate must recite the date of the mortgage, the names of the parties thereto, the amount of the indebtedness and the liber and page of the record thereof including every assignment of said mortgage, if

any, specifying in the recital of each assignment the date thereof, the names of the parties thereto, the liber and the page and the date of record of such assignment and the section and block under which it has been recorded; provided, however, that when any such assignment has not been recorded at the time when such certificate is presented for record, such certificate after reciting the date of such assignment and the names of the parties thereto shall refer to it as ' intended to be recorded herewith,' but such assignment must be recorded before the mortgage to which it relates shall be discharged of record; and further provided that when any such assignment shall have been filed for record but not copied into the record when such certificate is presented, such certificate shall recite only the date of such assignment, the names of the parties thereto and the date of the filing thereof."

Section 202 of the Surrogate's Court Act provides what shall be considered assets: " The following shall be deemed assets and go to the executors or administrators, to be applied and distributed as part of the personal property of the testator or intestate, and be included in the inventory.   *   *   *

" Debts secured by mortgages, bonds, notes or bills."

The register contends that on an order of mandamus in this matter the court would order the register to perform an illegal act and would be violative of the express provisions of the three sections set forth above.   His reasoning runs as follows: Charles V. Faile and William H. Lefferts were the executors of the last will and testament of Sarah H. Crane when the mortgage sought to be satisfied was made.   Both died prior to September 11, 1920, when Barent Lefferts assigned the mortgage to John Conrad Koehler. This it is claimed broke the chain of title, because although on April 22, 1920, Lefferts was appointed trustee to execute the then unexecuted trust as provided for in the will of Sarah H. Crane, deceased, nevertheless, at the time of this assignment there was no assignment from Charles V. Faile and William H. Lefferts, the mortgagees, their personal representatives or assignees.   With the contention of the register the court cannot agree.   Section 111 of the Real Property Law expressly provides for situations such as arose in this proceeding.   It provides as follows: " Trust estate not to descend. On the death of the last surviving or sole surviving trustee of an express trust the trust estate shall not descend to his heirs nor pass to his next of kin or personal representatives; but in the absence of a contrary direction on the part of the person creating the same, such trust, if unexecuted, shall vest in the supreme court, with all the powers and duties of the original trustee or trustees, and shall be executed by some person appointed for that purpose under the

direction of the court, but who shall not be appointed until the beneficiary or beneficiaries shall have been brought into court by such notice and in such manner as the court or a justice thereof may direct; and the person so appointed shall give such security as the court may require, and shall be subject to the same requirements of law as to accounting and the administration of the trust as are testamentary trustees; and shall be entitled to such compensation for his services by way of commissions as may be fixed by any court which has power to pass upon his final account, which shall in no case exceed that now allowed by law to executors and administrators, besides his just and reasonable expenses in the matter in which he is appointed."

Upon the death of both the trustees the trust vested in the Supreme Court, and upon the order of the Supreme Court appointing Barent Lefferts as trustee to execute the unexecuted trust it vested ownership of the mortgage in him and also authority to dispose of the mortgage in furtherance of the trust. This he did, thus completing the chain of title. Therefore, the motion is granted for an order of mandamus directing the register of Bronx county to cancel and discharge of record said mortgage recorded in liber 97 of Mortgages, page 321, New York county register's office upon presentation to said register of said mortgage of a proper satisfaction thereof, a certified copy of order appointing Barent Lefferts as substituted trustee under the last will and testament of Sarah H. Crane, deceased, and the payment to the said register of his legal fees therefor. Settle order.